UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARKON RESOURCES, INC., <br><br> Defendant. | CASE NO. C15-1984JLR <br><br> ORDER GRANTING DEFENDANTS' VENUE MOTIONS AND TRANSFERRING CASES NOS. C15-1984JLR AND C15-1985JLR, AND ORDER TO SHOW CAUSE ON CASE NO. C15-2024JLR |
| NATIONAL PRODUCTS, INC.., <br><br> Plaintiff, <br><br> v. <br><br> HIGH GEAR SPECIALTIES INC., <br><br> Defendant. | CASE NO. C15-1985JLR |

ORDER - 1

| NATIONAL PRODUCTS, INC., | CASE NO. C15-2024JLR |
| --- | --- |
| Plaintiff, | |
| v. | |
| WIRELESS ACCESSORY SOLUTIONS, LLC, d/b/a, IBOLT – WIRELESS ACCESSORY SOLUTIONS, LLC, | |
| Defendant. | |
| NATIONAL PRODUCTS, INC., | CASE NO. C16-0109JLR |
| Plaintiff, | |
| v. | |
| BRACKETRON, INC., | |
| Defendant. | |

## I.  INTRODUCTION

On April 7, 2016, the court consolidated the above-entitled cases for purposes of conducting discovery and claim construction only.  (*See* 4/7/16 Min. Entry (Dkt. # 24); *see also* Joint Mem. re: Consolidation (Dkt. # 23).)  Following the close of discovery, the court will reassign each of the above-entitled cases back to the originally assigned judge for purposes of deciding any dispositive motions and conducting trial, if necessary.  (*See* 4/7/16 Min. Entry.)

Presently before the court are three Federal Rule of Civil Procedure 12(b)(3) motions to dismiss or transfer for improper venue submitted by:  (1) Defendant Arkon Resources, Inc. ("Arkon") (Arkon Mot. (Dkt. # 107)); (2) Defendant High Gear

ORDER - 2

Specialties Inc. ("High Gear") (High Gear Mot. (Dkt. # 109)); and (3) Defendant Wireless Accessory Solutions, LLC, d/b/a iBolt – Wireless Accessory Solutions, LLC's ("iBolt") (iBolt Mot. (Dkt. # 111)).  All three motions are based on a recent Supreme Court decision, *TC Heartland LLC v. Kraft Foods Group Brands LLC*, --- U.S. ---, 137 S. Ct. 1514 (2017), which the Federal Circuit Court of Appeals held in *In re Micron Technology, Inc.*, 875 F.3d 1091, 1098-100 (Fed. Cir. 2017), represents an intervening change in controlling law for venue in patent cases.  (*See* Arkon Mot. at 4, 6-7; High Gear Mot. at 4, 6-7; iBolt Mot. at 6-7.)  The court has reviewed the three motions, all submissions filed in support of and in opposition to the motions, the relevant portions of the record, and the applicable law.  Being fully advised,[1] the court GRANTS the motions. The court, however, declines to dismiss NPI's complaints against Arkon, High Gear, and iBolt (collectively, "Defendants").  Instead, in the interests of justice, the court transfers NPI's complaints against Arkon and High Gear to the appropriate Federal District Courts where venue of NPI's patent claims is proper.  Due to a unique issue involving iBolt, the court defers transferring NPI's complaint against iBolt until after it has reviewed the parties' responses to the court's order to show cause, as more fully described herein.

//

//

//

---

[1] NPI requests oral argument on the motions.  (*See* Arkon Resp. (Dkt. # 118) at title page; iBolt Resp. (Dkt. # 116) at title page; High Gear Resp. (Dkt. #120) at title page.)  The court denies NPI's request because, in this instance, oral argument would not assist the court in its disposition of the motions.  *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

## II.   BACKGROUND

Arkon is a California limited liability company with its principal place of business in Arcadia, California.  (1st Bassard Decl. (Dkt. # 108) ¶ 3.)  Arkon has no property, infrastructure, inventory, or other physical presence in the Western District of Washington.  (*Id.* ¶ 4.)  Arkon also has no employees in the Western District of Washington and provides no localized customer support or targeted marketing efforts here, nor does it otherwise interact in a targeted way with existing or potential customers in the Western District of Washington.  (*Id.* ¶¶ 5-6.)  Arkon makes no representations that it has any presence in the Western District of Washington.  (*Id.* ¶ 5.)  Any records, documents or information relating to the subject matter of this litigation, which are in Arkon's possession, custody, or control are located at Arkon's headquarters in Arcadia, California.  (*Id.* ¶ 7.)

iBolt is a limited liability corporation organized and existing under the laws of the State of Utah.  (2d Bassard Decl. (Dkt. # 112) ¶ 3.)  iBolt's principal place of business is in Arcadia, California.  (*Id.*)  iBolt has no property, infrastructure, inventory, or other physical presence in the Western District of Washington.  (*Id.* ¶ 4.)  iBolt also has no employees in the Western District of Washington and provides no localized customer support or targeted marketing efforts here, nor does it otherwise interact in a targeted way with existing or potential customers in the Western District of Washington.  (*Id.* ¶¶ 5-6.)  iBolt makes no representations that it has any presence in the Western District of Washington.  (*Id.* ¶ 5.)  Any records, documents or information relating to the subject

ORDER - 4

matter of this litigation, which are in iBolt's possession, custody, or control are located at iBolt's headquarters in Arcadia, California. (*Id.* ¶ 7.)

High Gear is a Florida corporation with its principal place of business in Orlando, Florida. (Lee Decl. (Dkt. # 110) ¶ 3.) High Gear has no property, infrastructure, inventory, or other physical presence in the Western District of Washington. (*Id.* ¶ 4.) High Gear also has no employees in the Western District of Washington and provides no localized customer support or targeted marketing efforts here, nor does it otherwise interact in a targeted way with existing or potential customers in the Western District of Washington. (*Id.* ¶¶ 5-6.) High Gear makes no representations that it has any presence in the Western District of Washington. (*Id.* ¶ 5.) Any records, documents or information relating to the subject matter of this litigation, which are in High Gear's possession, custody, or control are located at High Gear's headquarters in Orland, Florida. (*Id.* ¶ 7.)

On December 17, 2015, NPI filed complaints against Arkon and High Gear in the Western District of Washington alleging patent infringement. (Compl. (Dkt. # 1); 15-1985[2] Compl. (Dkt. # 1).) On December 29, 2015, NPR filed a complaint against iBolt in the Western District of Washington alleging patent and trademark claims, along with a variety of state law claims. (*See* 15-2024 Compl. (Dkt. # 1).) The court consolidated these three cases, along with *National Products, Inc. v. Bracketron, Inc.*, No. C16-0109JLR, for pretrial discovery and claims construction purposes. (*See* 4/7/16 Min. Entry; *see also* Joint Mem. re: Consolidation.)

---

[2] The court will preface any references to the record from case numbers C15-1985 and C15-2024 with those case numbers.

ORDER - 5

On September 19, 2017, the court held a claims construction hearing (*see* 9/19/17 Min. Entry (Dkt. # 95)) and subsequently issued a claims construction order for the consolidated cases (CC Order (Dkt. # 96)).  Discovery in the cases remains open until May 18, 2018.  (Revised Sched. Ord. (Dkt. # 126).)

Following the close of discovery, the court will reassign NPI's complaint against iBolt back to the Honorable Marsha J. Pechman and NPI's complaint against Arkon back to the Honorable Richard A. Jones.  These judges will administer the iBolt and Arkon cases, respectively, for the purposes of hearing dispositive motions and conducting the trials.[3]  (*See* 4/7/16 Min. Entry; *see also* Joint Mem. re: Consolidation.)  NPI's complaint against High Gear will remain with the undersigned judge for dispositive motions and trial.  (*See id.*)  Neither Judge Pechman nor Judge Jones have had any substantive involvement in the cases that were consolidated.  (*See generally* Dkt. ## C15-1984JLR, C15-1985JLR, C15-2024JLR.)

On November 30, 2017, Defendants filed their present motions to dismiss or transfer based on improper venue.  (*See* Arkon Mot.; High Gear Mot.; iBolt Mot.)  NPI opposes the motions.  (*See* Arkon Resp.; iBolt Resp.; High Gear Resp.)  The court now considers these motions.

//

//

---

[3] In its responses to Defendants' venue motions, NPI states that Defendants have agreed to file a joint motion for summary judgment before the undersigned judge. (iBolt Resp. at 8; Arkon Resp. at 8; High Gear Resp. at 8.)  However, this is inconsistent with the court's April 7, 2016, minute entry, which states that the "court will handle all cases through the conclusion of discovery/Markman matters." (4/7/16 Min. Entry.)

# III.   ANALYSIS

## A.   *TC Heartland*

Section 1400(b) of Title 28 addresses venue in patent infringement cases.  28 U.S.C. § 1400(b).  Specifically, Section 1400(b) states:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

*Id.*  In 1957, the United States Supreme Court held that Section 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions, and that it is not to be supplemented by the provisions of [the general corporation venue statute,] 28 U.S.C. § 1391(c)." *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957). Thus, the Supreme Court concluded that for purposes of 28 U.S.C. § 1400(b), a domestic corporation "resides" only in its state of incorporation.  *Id.* at 226.

In 1988, however, "Congress amended Section 1391(c) to provide that '[f]or purposes of venue under this chapter,' a defendant corporation shall be deemed 'to reside in any judicial district in which it is subject to personal jurisdiction at the time the action commenced.'" *See Automated Packaging Sys., Inc. v. Free-Flow Packaging Int'l, Inc.*, No. 5:14-CV-2022, 2018 WL 400326, at *3 n.3 (N.D. Ohio Jan. 12, 2018).  Two years later, the Federal Circuit held that the newly added phrase "[f]or purposes of venue under this chapter" was "exact and classic language of incorporation," and therefore Section 1392(c) clearly applied to Section 1400(b)—redefining the meaning of the term "resides" in Section 1400(b).  *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1579 (Fed. Cir. 1990), *abrogated by TC Heartland*, 137 S. Ct. 1514.  *VE Holding*

remained controlling Federal Circuit authority with respect to venue in patent cases for more than 27 years.  *See Automated Packaging Sys., Inc.*, 2018 WL 400326, at *3 n.3.

In May 2017, the Supreme Court issued its decision in *TC Heartland*, which affirmed its 1957 decision in *Fourco Glass Co.*, 353 U.S. 222, and rejected the Federal Circuit's 1990 decision in *VE Holding*, 917 F.2d 1574.  *TC Heartland*, 137 S. Ct. at 1517-21.  In other words, *TC Heartland* reaffirmed the principle that the patent venue statute, 28 U.S.C. § 1400(b), and not the general venue statute, 28 U.S.C. § 1391(c), defines where a domestic corporation "resides" for patent cases.  *See TC Heartland*, 137 S. Ct. at 1521.  Thus, following *TC Heartland*, a "civil action for patent infringement" against a domestic corporation may be brought in (1) the judicial district where the defendant is incorporated or "resides," or (2) where the defendant committed acts of infringement and has a regular established place of business.  *Id.*; *see also* 28 U.S.C. § 1400(b).

**B.**     ***In re Micron Technology***

In the wake of *TC Heartland*, district courts split on whether defendants bringing motions challenging venue based on *TC Heartland* had waived their right to challenge venue or whether the waiver provisions of Federal Rule of Civil Procedure 12(h) were inapplicable because the venue argument was unavailable prior to *TC Heartland* based on the long-standing precedent of *VE Holding*.  *See Automated Packaging Sys., Inc*., 2018 WL 400326, at *3 (citing *Maxchief Invs. Ltd. v. Plastic Dev. Grp., LLC*, No. 3:16–cv–63, 2017 WL 3479504, at *3 (E.D. Tenn. Aug. 14, 2017) (collecting cases from both lines)).  On November 15, 2017, the Federal Circuit resolved the split by holding that *TC*

*Heartland* changed controlling venue law in patent cases because, before *TC Heartland*, the improper venue defense was not available, making the waiver rules of Federal Rules of Civil Procedure 12(g)(2) and 12(h)(1)(A) inapplicable. *In re Micron Tech., Inc.*, 875 F.3d 1091, 1094 (Fed. Cir. 2017).

In rendering its decision, however, the Federal Circuit left open the possibility that a district court could still rely on its inherent powers and standard procedural devices to find waiver of a venue challenge in order to facilitate "the just, speedy, and inexpensive resolution of disputes." *Id.* at 1100. The Federal Circuit warned, however, that such authority "must be exercised with caution" and should "rest on sound determinations of untimeliness or consent." *Id.* at 1101. The Federal Circuit also noted that it had "denied mandamus, finding no clear abuse of discretion, in several cases involving venue objections based on *TC Heartland* that were presented close to trial." *Id.* at 1102.

**C.     Defendants' Venue Motions**

Defendants filed their venue motions shortly after the Federal Circuit's November 15, 2017, decision in *In re Micron Technology.* (*See* Arkon Mot.; High Gear Mot.; iBolt Mot.) In response, NPI does not dispute that venue in the Western District of Washington over its patent claims is improper following *TC Heartland.* (*See generally* iBolt Resp.; Arkon Resp.; High Gear Resp.) Rather, NPI argues that all three Defendants waived any venue objections by waiting approximately six months following the *TC Heartland* decision to raise the issue and by continuing to actively litigate NPI's patent claims in the meantime. (*See id.*) Notably, NPI argues that, during the six-months following *TC Heartland*, Defendants engaged in the claims construction process,

including conducting a *Markman*[4] hearing before the court, sought leave to amend its invalidity contentions based on the court's claims construction order, served amended invalidity and non-infringement contentions, and conducted additional discovery.  (High Gear Resp. at 4-5; Arkon Resp. at 4-5; iBolt Resp. at 5.)

High Gear, Arkon, and iBolt argue that the date from which their venue motions should be judged is the date upon which the Federal Circuit issued its decision in *In re Micron Tech., Inc.* and not the date upon which the Supreme Court issued its decision in *TC Heartland.*  (*See* High Gear Reply (Dkt. # 122) at 3-4; Arkon Reply (Dkt. # 123) at 3-4; iBolt Reply (Dkt. # 124) at 3-4.)  They maintain that until the Federal Circuit issued its decision "the district courts were split on whether *TC Heartland* was intervening law," and "[n]ow that the split has been resolved, the case[s] can and should be transferred." (High Gear Reply at 3; Arkon Reply at 3; iBolt Reply at 3.)

The court disagrees.  Although a defendant's failure to raise a defense in the trial court does not result in waiver if raising the defense would have been futile, *see United States v. Wilbur*, 674 F.3d 1160, 1177 (9th Cir. 2012), it is not clear that raising improper venue prior to *In re Micron Technology* would have been futile.  Indeed, courts in this District granted motions to amend answers or transfer for improper venue based on the Supreme Court's decision in *TC Heartland* prior to the Federal Circuit's decision in *In re Micron Technology*.  *See, e.g.*, *Nautilus, Inc. v. ICON Health & Fitness, Inc.*, No. C16-5393-RBL, 2017 WL 5952375, at *2 (W.D. Wash. Sept. 13, 2017) (granting the

---

[4] *Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).

ORDER - 10

defendant's motion to amend its answer to allege improper venue and its motion to transfer based on the intervening change in patent venue law due to the *TC Heartland* decision); *Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017) ("Defendants could not have reasonably anticipated this sea change [in patent venue law due to the *TC Heartland* decision], and so did not waive the defense of improper venue by omitting it from their initial pleading and motions."). Further, the *In re Micron Technology* court, although finding that *TC Heartland* was an intervening change in the law, nevertheless remanded the case so the district court could decide whether the defendant had waived improper venue on grounds other than those provided in Rule 12. *In re Micron Technology, Inc.*, 875 F.3d at 1102.  Thus, the Federal Circuit necessarily considered the accrual date of any waiver to be the date upon which the Supreme Court decided *TC Heartland*, and not the date upon which the Federal Circuit decided *In re Micron Technology.*

Nevertheless, using the date of the *TC Heartland* decision as the relevant does not change the outcome due to the unique procedural circumstances of the cases at issue. "Prototypical examples" of where the court might conclude that a defendant had waived a venue defense despite the intervening change in the law precipitated by *TC Heartland* "include where a defendant raises venue for the first time on the eve of trial, or many months (or years) after *TC Heartland* was handed down, or where dismissal or transfer would unduly prejudice a plaintiff." *Boston Sci. Corp. v. Cook Grp. Inc.*, 269 F. Supp. 3d 229, 242 (D. Del. 2017).  Although the discovery period is nearing completion, the court has not set a trial date in any of the cases at issue, and the parties have not yet briefed

ORDER - 11

dispositive motions.  (*See generally* Dkt.)  Thus, none of the cases at issue is "on the eve of trial."  *See id.*  Nevertheless, NPI argues that Defendants filed their motions too many months following the decision in *TC Heartland*.  (*See* High Gear Resp. at 5-7; iBolt Resp. at 5-7; Arkon Resp. at 5-7.)  Indeed, the court agrees that the approximate six-month intervening period between the Supreme Court's *TC Heartland* decision and the filing of Defendants' venue motions is, at best, on the outer edge of what might be a reasonable period of time for these motions.  Nevertheless, the court finds significant that, despite this six-month delay, NPI offers no argument as to why it would be prejudiced by a transfer of venue at this point.  (*See generally* High Gear Resp.; iBolt Resp.; Arkon Resp.)  The court sees no reason why the work done so far by the parties will be wasted following transfer.

At most, NPI offers an argument concerning judicial inefficiencies if the court were to transfer the cases to other districts.  (*See* High Gear Resp. at 7-9; iBolt Resp. at 7-9; Arkon Resp. at 7-9.)  Specifically, NPI argues that there are three other cases before the Western District of Washington involving the patent-at-issue and maintaining the action in this court will allow "a single court to consistently resolve several common issues."  (High Gear Resp. at 8; Arkon Resp. at 8; iBolt Resp. at 8.)  The court might agree if it were deciding all of the dispositive motions and conducting all of the trials in the three cases at issue, but that is not the circumstance here.  As noted above, even if the three cases at issue remain in the Western District of Washington, two of the cases will be transferred to other judges for the purposes of hearing dispositive motions and conducting the trials.  (*See* 4/7/26 Min. Entry.)  Thus, three different judges will

ORDER - 12

administer all three cases following the close of discovery on May 18, 2018—irrespective

of whether the cases remain in this District or are transferred elsewhere.  Under these

unique circumstances, the court concludes that there is little, if any, prejudice to NPI in

transferring the cases to the appropriate judicial districts in which there would be proper

venue over NPI's patent claims.  Under the unique circumstances of these cases,

therefore, the court concludes that Defendants have not waived the defense of improper

venue based on the intervening change in the law created by *TC Heartland*.  Accordingly,

the court grants Defendants' motions.

**D.     Remedy**

      In its responses, NPI argues that if the court grants Defendants' venue motions,

transfer rather than dismissal is the appropriate remedy.  (iBolt Resp. at 10-11; Arkon

Resp. at 9-10; High Gear Resp. at 9-10.)  Section 1406(a) expressly provides for transfer

"to any district or division in which [the case] could have been brought," rather than

dismissal, if transfer is "in the interest of justice."  28 U.S.C. § 1406(a).  Here,

Defendants do not oppose transfer.  Indeed, each has stated that it is "amenable" to

transfer.  (Arkon Reply at 6; High Gear Reply at 5; iBolt Reply  at 6.)  Given that all

three cases have been pending for more than two years, the court agrees that transfer is

the appropriate remedy.  *See Caba v. Frankel*, No. 06-cv-4754, 2007 WL 1017649, at *2

(E.D.N.Y. Mar. 29, 2007) ("No purpose would be served by dismissing this action . . .

only to have plaintiffs refile the very same action in the District of New Jersey.");

*Warrington v. Gibson*, No. 4:94-cv-119, 1995 WL 1945557, at *6 (N.D. Miss. June 8,

1995) (transferring, rather than dismissing, so that the parties may "continue this

ORDER - 13

litigation from where it stands"). Thus, the court must determine the appropriate judicial district for transfer.

Section 1406(a) requires the court to transfer each of NPI's patent claims to a judicial district "in which it could have been brought." 28 U.S.C. § 1406(a). The court addresses the appropriate judicial district for transfer with respect to NPI's claims against Arkon and High Gear first, and then subsequently addresses transfer of NPI's patent claim against iBolt. Arkon states that transfer of NPI's patent claim to and venue in the Central District of California is proper because Arkon is incorporated in California. (Arkon Reply at 6.) High Gear also states that transfer to and venue in the Middle District of Florida is proper because Arkon is incorporated in Florida. (High Gear Reply at 5.) NPI does not dispute that venue of its patent claims against these Defendants would be appropriate in these respective districts. Based on the Supreme Court's recent ruling in *TC Heartland* that venue of patent claims is proper where the defendant is incorporated, 353 S. Ct. at 1521, the court agrees. Thus, based on the foregoing analysis, the court grants Arkon's and High Gear's motions to transfer NPI's patent claims based on improper venue. Further, the court will transfer NPI's patent case against Arkon to the Central District of California and NPI's patent case against High Gear to the Middle District of Florida.

iBolt states that transfer to and venue in the Central District of California is proper because it is iBolt's principal place of business. (iBolt Mot. at 7 ("Because [iBolt] resides in Los Angeles County, . . . under 28 U.S.C. § 1400(b), this action could have been brought in the Central District of California."); iBolt Reply at 6 ("[iBolt] has it

ORDER - 14

principal place of business in the Central Distirct of California.  Thus, venue would be proper in the Central District of California.").)  Under *TC Heartland*, venue is proper in a patent action either where the defendant is incorporated or where the defendant committed acts of infringement and has a regular established place of business.  353 S. Ct. at 1521; *see also* 28 U.S.C. § 1400(b).  NPI does not dispute that venue would be proper in the Central District of California (*see generally* iBolt Resp.), and it seems highly unlikely that iBolt committed no acts of alleged patent infringement at its principal place of business (*see generally* iBolt FAC (Dkt. # 47)).  Accordingly, the court concludes that venue is proper in the Central District of California for NPI's patent claims against iBolt based on *TC Heartland* and 28 U.S.C. § 1400(b).[5]

---

[5] Unlike High Gear, iBolt is a limited liability company and not a corporation.  (*See* iBolt FAC ¶ 3 ("iBOLT is a limited liability company organized and existing under the laws of the State of Utah."); 2d Brassard Decl. ¶ 3 ("[iBolt] is a Utah limited liability company.").)  In addition, although Arkon states in its motion that it is a corporation (Arkon Mot. at 2, 4; *see also* Arkon Reply at 2), the evidence Arkon submits to the court indicates that it is a limited liability company (Brassard Decl. ¶ 3 ("Arkon . . . is a California limited liability company.")). Irrespective of whether Arkon is a corporation or limited liability company, it is organized under the laws of California and has its principal place of business in Arcadia, California.  (*See* Arkon Reply at 6; Brassard Decl ¶ 3, Ex. 1.)  In *TC Heartland*, the Supreme Court limited its analysis to the proper venue for corporations and reserved the applicability of its holding to unincorporated entities.  122 S. Ct. at 1517, n.1.  No party has raised the issue of iBolt's or Arkon's organizational status as unincorporated entities.  (*See generally* iBolt Mot.; iBolt Resp.; iBolt Reply; Arkon Mot.; Arkon Resp.; Arkon Reply.)  Nevertheless, the court notes that "[u]nincorporated associations, such as limited liability companies, are generally treated like corporations for purposes of venue, whereby the 'residence' is the association's principle [sic] place of business." *Maxchief Invs.*, 2017 WL 3479504, at *2 (citing *Roberts v. Paulin*, No. 07-CV-13207, 2007 WL 3203969, at *2 (E.D. Mich. Oct. 31, 2007)); *see also Denver & R.G.W.R. Co. v. Bhd. of R.R. Trainmen*, 387 U.S. 556, 559 (1967) ("Although [an unincorporated association] has no citizenship independent of its members for purposes of diversity jurisdiction, . . . we think that the question of the proper venue for such a defendant, like the question of capacity, should be determined by looking to the residence of the association itself rather than that of its individual members.").  Thus, neither iBolt's nor Arkon's organizational status alters the court's analysis concerning proper venue here.  The Central District of California is a proper

NPI, however, argues that the court should not transfer the iBolt case because it involves six other causes of action for which iBolt has not challenged venue.[6] (*See* iBolt Resp. at 9-10.) NPI's argument raises the issue of pendent venue. (*See id.*) "When applicable, 'pendent venue' provides that if the claims for which venue is lacking share a sufficient nucleus of operative facts with at least one asserted claim for which venue is proper, the district court has discretion to promote judicial efficiency by hearing the claim(s) for which venue is lacking." Robert A. Matthews, Jr., Venue for patent infringement actions under 28 U.S.C.A. § 1400(b)—"Pendent Venue" when § 1400(b) venue is lacking, 5 Annotated Patent Digest § 36:153.240 (2018). However, because NPI's patent claim is subject to the specific venue requirements of 28 U.S.C. § 1400(b), "this case cannot be brought in a venue that does not satisfy this specific statute, regardless of whether venue may be appropriate in this district for other claims." *Zumba Fitness, LLC v. Brage*, No. CV 11-5361-GHK CWX, 2011 WL 4732812, at \*2 (C.D. Cal. Oct. 6, 2011). Indeed, "when 'a party advocates the exercise of pendent venue over a[ ] . . . federal claim which is subject to its own specific venue provisions, courts have . . . found that the more specific venue provisions control, and have required that the case be brought in a venue which satisfies the more specific statute.'" *Id.* (quoting *Garrel v.*

---

venue for NPI's patent claim against both Arkon and iBolt. *See TC Heartland*, 353 S. Ct. at 1521.

[6] Those six other claims are: (1) federal trade dress infringement under 15 U.S.C. § 1114; (2) federal unfair competition and false designation of origin under 15 U.S.C. § 1125(a); (3) Washington common law trade dress infringement; (4) unfair business practices under RCW ch. 19.86; (5) Washington common law unfair competition; and (6) Washington common law unjust enrichment. (15-2024 Compl. ¶¶ 27-60; iBolt FAC ¶¶ 29-62.)

ORDER - 16

*NYLCare Health Plans, Inc.*, No. 98 Civ. 9077(BSJ), 1999 WL 459925, at \*5 (S.D.N.Y. June 29, 1999)) (alterations in original). Particularly, in light of the Supreme Court's recent decision in *TC Heartland*, reaffirming that 28 U.S.C. § 1400(b) "'is the sole and exclusive provision controlling venue in patent infringement actions, and . . . is not to be supplemented by . . . § 1391(c),'" 137 S. Ct. at 1519 (quoting *Fourco Glass Co.*, 353 U.S. at 229), the court is not inclined to extend the doctrine of pendent venue to the present circumstances. *See Hoffacker v. Bike House*, 540 F. Supp. 148, 149 (N.D. Cal. 1981) (declining to apply "pendent venue" over a claim for patent infringement; stating that the parties "cannot circumvent the special venue statute by merely joining a related federal claim to their claim of patent infringement" and that "[s]uch evasion of the venue limitation imposed by section 1400(b) would be a subversion of the Supreme Court's determination that this section is the exclusive provision governing patent actions.").

Finally, because venue in the patent infringement claim in the iBolt case is improper in this District, the court must decide whether NPI's other claims against iBolt should be transferred to the Central District of California as well. NPI admits that "many of the same products implicated under NPI's [n]on-[p]atent [c]ounts are also accused of infringing the asserted patent." (iBolt Resp. at 10 (citing iBolt FAC ¶¶ 21, 30).) Thus, "[i]t would seem absurd for this court to sever the patent infringement claim and transfer it . . . while retaining the [other] counts." *Lighting Sys. v. Int'l Merch. Assoc., Inc.*, 464 F. Supp. 601, 606 (W.D. Pa. 1979). For the court "to retain the [other] counts while the patent infringement action is being tried in [a different court] would be intolerable judicial inefficiency leading to possible inconsistent results on the same set of facts." *Id.*

Such an analysis, however, is governed by 28 U.S.C. § 1404(a), which provides, in pertinent part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A court may *sua sponte* transfer venue pursuant to section 1404(a), "so long as the parties are first given the opportunity to present their views on the issue."[7] *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1242 (S.D. Cal. 2013) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1588 (9th Cir. 1986)). Accordingly, the court orders NPI and iBolt to show cause within 10 days of the filing of this order why the court should not transfer the non-patent claims along with the patent claim pursuant to 28 U.S.C. § 1404(a).[8] The court further directs the parties to limit their responses to no more than 10 pages. The court will defer transferring NPI's

---

[7] Even if iBolt waived its objections to venue regarding NPI's non-patent claims, the court may still transfer the claims pursuant to 28 U.S.C. § 1404(a). *See Alec L. v. Jackson*, No. C-11-2203 EMC, 2011 WL 8583134, at *1 n.1 (N.D. Cal. Dec. 6, 2011) (explaining that "Rule 12(h) applies to defenses listed in Rule 12(b)(2)-(5), not a motion to transfer venue under . . . § 1404(a)"); *see also Cole v. Desert Media Grp., Inc.*, No. C 93-3740 VR, 1994 WL 184622, at *2 (N.D. Cal. Apr. 25, 1994) (explaining that "[w]aiver of improper venue does not . . . rule out a forum non conveniens transfer pursuant to 28 U.S.C. § 1404(a)").

[8] In deciding whether or not to transfer, a district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The Ninth Circuit has identified as relevant factors: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the difference in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

patent claim against iBolt until it receives the parties' responses to its order to show cause and rules on the 28 U.S.C. § 1404(a) issue with respect to NPI's non-patent claims.

## IV.  CONCLUSION

Based on the foregoing analysis, the court GRANTS Arkon's and High Gear's Rule 12 venue motions (Dkt. ## 107, 109) and transfers NPI's patent case against Arkon to the Central District of California and NPI's patent case against High Gear to the Middle District of Florida.  The court also GRANTS iBolt's Rule 12 venue motion (Dkt. # 111) but defers transferring NPI's patent claim against iBolt to the Central District of California until the court receives iBolt's and NPI's responses to the court's order to show cause why the court should not transfer NPI's non-patent claims along with the patent claim pursuant to 28 U.S.C. § 1404(a), as described herein.

In order to assist the Clerk in administering the transfer of NPI's cases against Arkon and High Gear, the court DIRECTS the Clerk to file copies of this order in docket numbers C15-1984JLR, C15-1985JLR, and C15-2024JLR.  The court ORDERS iBolt to file its response to the court's order to show cause in docket number C15-2024JLR. Further, the court ORDERS the parties in NPI's two remaining cases against iBolt and Bracketron, Inc. ("Bracketron") to file any further submissions under each case's original filing number.  Specifically, the parties in the iBolt matter should file any new

//

//

//

//

ORDER - 19

submissions under docket number C15-2024JLR and the parties in the Bracketron matter should file any new submissions under docket number C16-0109JLR.

Dated this 23rd day of March, 2018.

JAMES L. ROBART
United States District Judge

ORDER - 20